**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Crystal Rambo, et al., | : | Case No. _____ |
| | : | |
| Plaintiffs, | : | Judge _____ |
| | : | |
| v. | : | Magistrate Judge _____ |
| | : | |
| Dolgen Midwest, L.L.C., et al., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## <u>NOTICE OF REMOVAL</u>

Defendants Dolgen Midwest, L.L.C. and John Doe ("Defendants") hereby file this Notice of Removal, pursuant to 28 U.S.C. § 1441, with the United States District Court for the Southern District of Ohio, Eastern Division. As grounds for removal, Defendant states as follows:

1.      This case was commenced and is now pending in the Common Pleas Court of Franklin County, Ohio, designated as Case No. 22 CV 004714 on the docket. A true and accurate copy of which is attached hereto as Exhibit A.

2.      The Complaint was filed on July 9, 2022. Defendant was served on July 14, 2022. Defendants filed an Answer to Plaintiff's Complaint on July 27, 2022. A true and accurate copy of the Complaint, and Answer are attached hereto as Exhibit B.

3.      At the time of Plaintiff's commencement of this action, Plaintiff was a citizen of the State of Ohio.

4.      Defendant Dolgen Midwest, L.L.C. is a foreign corporation organized and existing under the laws of the State of Tennessee. It was, at the time of commencement of this action, and still is, a non-citizen, having its principal place of business in the State of Tennessee.

1

5. John Doe has not yet been identified or served so his or her citizenship for purposes of removal is irrelevant.

6. Defendant State of Ohio, Department of Medicaid is an Ohio citizen, whose interests are properly aligned with Plaintiff's for purposes of considering diversity of the parties and/or Defendant State of Ohio, Department of Medicaid is a nominal party whose citizenship is inapplicable for determining diversity of the parties, and from whom consent to remove is not required.

7. As a subrogated defendant, Defendant State of Ohio, Department of Medicaid's interests in achieving recovery against Wal-Mart is properly aligned with Plaintiff's and should be arranged accordingly for purposes of considering diversity of the parties. *See, e.g.*, *Smith v. GMC*, No. 2:11-CV-782, 2011 U.S. Dist. LEXIS 137627, *6–7 (S.D. Ohio Nov. 30, 2011) (citing *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 933 (W.D. Wis. 2006); *Frahm v. Marshfield Clinic*, 2007 U.S. Dist. LEXIS 82755, 2007 WL 3287841, *2 (W.D. Wis. Nov. 7, 2007)); *see also City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). Defendant State of Ohio, Department of Medicaid is an Ohio citizen and/or its citizenship is inapplicable as a nominal party as discussed below. *See Moor v. County of Alameda*, 411 U.S. 693 (1973) (a political subdivision of a state is a citizen of that State for diversity jurisdiction purposes, unless it is a simply the arm or alter ego of the State). Accordingly, upon realignment, there is complete diversity of the parties.

8. Regardless of the alignment of Defendant State of Ohio, Department of Medicaid, it is a nominal party. The Department is not a real party in interest; it has no interest or control over the subject matter of this litigation, and merely holds subrogation rights related to any potential recovery. *See DiBella v. Carpenter*, No. 2:10-CV-174, 2010 U.S. Dist. LEXIS 75323,

*5–6 (S.D. Ohio June 25, 2010) (citing *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989) (internal quotations and citations omitted)) ("A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined. In contrast to a real party in interest, a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit or no actual interest or control over the subject matter of the litigation."). In the case of a nominal party, the Court should disregard its citizenship for jurisdictional purposes. *Salem Trust Co. v. Manufacturers' Finance Co.*, 264 U.S. 182, 190 (1924); *Maiden v. N. Am. Stainless, LP*, No. 03-5740, 125 Fed. App'x 1, 2004 U.S. App. LEXIS 25998, *2 (6th Cir. 2004). Again, complete diversity exists for jurisdictional purposes.

9.      Thus, as between Plaintiff and the relevant Defendant, the controversy is wholly between citizens of different states.

10.      The United States District Court, pursuant to the provisions of 28 U.S.C. § 1332, has jurisdiction over this action because there is complete diversity, and, upon information and belief, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11.      In this case, the undersigned counsel checked with Plaintiff's counsel, who was unwilling to agree that the amount in controversy was less than $75,000. (See Exhibit A). And the Complaint, alleges that the Plaintiff sustained harms and losses to Plaintiff's right wrist, right shoulder, right knee, left hip, left ankle, left leg, right rotator cuff tear, and other bodily injuries as described by a qualified physician. Plaintiff is alleged to have suffered bodily injury, several which may be permanent, along with pain, mental anguish and emotional distress. She claims special damages including past, present and future medical expenses. Based upon what is pled in the Complaint, and Plaintiff's counsel's refusal to agree that the amount in controversy is less than $75,000, the jurisdictional amount has been met.

12. This Notice is filed pursuant to 28 U.S.C. § 1441 within the time limits prescribed by 28 U.S.C. § 1446(b).

13. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants provide notice that this action is removed to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that the Common Pleas Court of Franklin County, Ohio, shall proceed no further unless this case is remanded.

Respectfully submitted,

/s/ Patrick Kasson
Patrick Kasson, Esq. (0055570) – Trial Attorney
Brandon J. Harmony (101268)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: (614) 228-1311 | Fax: (614) 232-2410
pkasson@reminger.com
*Counsel for Defendants Dolgen Midwest, L.L.C. and John Doe*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and accurate copy of the foregoing document was served via electronic mail on this 29TH day of July 2022 upon:

Jim Malek
MALEK & MALEK
1227 South High Street
Columbus, Ohio 43206
Phone (614) 444-7440
Facsimile (614) 444-8836
jim@maleklawfirm.com
*Attorney for Plaintiff*

/s/ Patrick Kasson
Patrick Kasson, Esq. (0055570)