0F992 - U40   Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
CIVIL DIVISION

**Crystal Rambo**
5573 Thornham Dr
Columbus, OH 43228

       Plaintiff,
vs.

**Dolgen Midwest, LLC**
c/o Statutory Agent
Corporation Service Company
3366 Riverside Drive
Upper Arlington, OH 43221

       and

**John Doe**
745 Georgesville Road
Columbus, OH 43228-2826

       and

**OHIO DEPARTMENT OF MEDICAID**
c/o Maureen M. Corcoran, Director
50 West Town Street, Suite 400
Columbus, Ohio 43215

       Defendants.

CASE NO

JUDGE
**JURY DEMAND**
**ENDORSED HEREIN**

**COMPLAINT FOR**
**MONETARY DAMAGES**

**JURISDICTION**

1. Jurisdiction in this Court is proper because the matter in controversy exceeds the sum of $25,000.00, exclusive of interest and costs.

2. This complaint is timely filed within all applicable statute of limitations and/or statutes of repose.

0F992 - U41    Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

3. To the extent relevant and/or necessary, any applicable statute of limitations are tolled, pursuant to Am. Sub. H.B. 197, and the Supreme Court of Ohio's tolling order issued on March 27, 2020.

4. To the extent relevant and/or necessary, any applicable statute of limitations are tolled, pursuant to Ohio Revised Code 2305.15 (A) and *Johnson v. Rhodes* (2000), 89 Ohio St.3d 540, during all periods of time in which the individual Defendants were out of the State of Ohio on vacation and/or engaged in personal matters and/or were attempting to conceal themselves.

**VENUE**

5. Pursuant to Civil Rule 3(B)(2) venue is proper in Franklin County, Ohio, since at least one of the Defendants currently has its principal place of business in Franklin County, Ohio.

6. Pursuant to Civil Rule 3(B)(3) venue is proper in Franklin County, Ohio, since it is the County in which one of the defendants conducted activity that gave rise to the claims for relief.

7. Pursuant to Civil Rule 3(B)(6) venue is proper in Franklin County, Ohio, as it is the County in which all or part of the claims for relief arose.

**THE PARTIES**

8. At all times relevant hereto, Plaintiff Crystal Rambo resided in Columbus, OH.

9. Defendant Dolgen Midwest, LLC is a corporation, limited liability company and/or other business entity licensed to do business in the State of Ohio, whose current

**Malek & Malek** – 1227 S. High Street – Columbus, Ohio 43206
**Telephone** (614) 444-7740 – **Fax** (614) 444-8836 – **E-Mail** –Jim@maleklawfirm.com

statutory agent registered with the State of Ohio is Corporation Service Company, 3366 Riverside Drive, Upper Arlington, OH 43221.

10. Defendant Dolgen Midwest, LLC is a corporation which owned, maintained and/or managed the Dollar General Store located at 745 Georgesville, Road, Columbus, Ohio 43228-2826.

11. Defendant John Doe is an individual who at all times relevant herein, was an employed by Defendant Dolgen Midwest, LLC at 745 Georgesville Road, Columbus, OH 43228-2826.

12. The Ohio Department of Medicaid is a government agency, funded by the Ohio taxpayers, providing healthcare coverage for qualified individuals.

13. Maureen M. Corcoran is duly appointed and qualified acting Director of the Ohio Department of Medicaid.

14. The Principal place of business of the Ohio Department of Medicaid is 50 West Town Street, Suite 400, Columbus, Ohio 43215.

**First Count (Negligence of the Dolgen Midwest, LLC and Defendant John Doe)**

15. Plaintiff realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

16. On or about July 9, 2020, Plaintiff Crystal Rambo was a business invitee of Defendant Dolgen Midwest, LLC at Defendant Dolgen Midwest, LLC's retail establishment known as Dollar General which was located at 745 Georgesville Road, Columbus, Ohio 43228 [hereinafter referred to as the "Premises"].

17. At all times relavent, Defendant John Doe was an employee of Defendant Dolgen Midwest, LLC and was working at the Premises on July 9, 2020.

0F992 - U43   Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

18. At the above time and place, there was an unreasonably dangerous condition located on said business premises of which Defendant Dolgen Midwest, LLC, acting through its employees including Defendant John Doe, created, had knowledge of and failed to remedy or warn Plaintiff Crystal Rambo of its existence, to wit: a puddle of water. The puddle of water was located in an area where defendant knew, or should have known, that the attention of its customers would be diverted. The puddle of water created a slip and fall hazard which was unreasonably dangerous.

19. The puddle of water was not reasonably detectable to a person using ordinary care and created an unreasonable risk of bodily injury to invitees traversing that area of defendant's store.

20. Defendant, acting through its employees and agents, was negligent in creating the puddle of water, was negligent in failing to mop up the water, was negligent in failing to warn its invitees of the presence of such water, and defendant was otherwise negligent.

21. That solely as a result of the negligence, carelessness and recklessness of the Defendant Dolgen Midwest, LLC and John Doe, without any comparative fault on the part of the Plaintiff contributing thereto, the Plaintiff, on the aforementioned date was caused to trip, stumble and fall while in defendant's premises.

22. That, upon information and belief, the Defendant Dolgen Midwest, LLC and John Doe had actual knowledge and notice of the foregoing dangerous condition prior to the date of the accident. In addition, upon information and belief, the condition existed for a sufficient length of time prior to the happening of the accident that the Defendant Dolgen Midwest, LLC and John Doe knew or should have known of the dangerous condition.

0F992 - U44 Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

That as a direct and proximate result of Defendant Dolgen Midwest, LLC's negligence and John Doe's, Plaintiff sustained all the harms and losses as described in this Complaint.

**Second Count (Harms and losses to Plaintiff Crystal Rambo)**

23. Plaintiff realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

24. As a direct and/or proximate result of the wrongful and dangerous acts and/or omissions of the Defendants as described in this complaint, Plaintiff Crystal Rambo sustained the following bodily injuries, which are believed to be permanent, causing harms and losses to the Plaintiff, as hereinafter described:

   a. Right Wrist;
   b. Right Shoulder;
   c. Right Knee;
   d. Left Hip;
   e. Left Ankle;
   f. Left Leg;
   g. Right Rotator Cuff Tear;
   h. and other bodily injuries as described by a qualified physician.

25. As a direct and/or proximate result of the wrongful and dangerous acts and/or omissions of the Defendants as described in this Complaint, and the injuries proximately and/or directly caused by these wrongful and dangerous acts and/or omissions, Plaintiff Crystal Rambo sustained, incurred and suffered and/or will sustain, incur or suffer, more likely than not, the following harms and losses, for which Plaintiff Crystal Rambo seeks full and fair compensation from all defendants named in this complaint for the fair trade dollar value, in an amount equal to the all the harms and losses, to be determined by a judge and/or jury:

**Malek & Malek** – 1227 S. High Street – Columbus, Ohio 43206
**Telephone** (614) 444-7440 – **Fax** (614) 444-8836 – **E-Mail** –Jim@maleklawfirm.com

a. <u>Past pain</u> (pain experienced and felt by this Plaintiff from July 9, 2020 through the date this case is finally decided by a judge and/or jury);
b. <u>Future pain</u> (pain that this Plaintiff will experience and feel, more likely than not, for the foreseeable future and/or the remainder of Plaintiff's natural life);
c. <u>Past suffering</u> (suffering experienced and felt by this Plaintiff, including but not limited to, unnecessary stress, anguish, worry, distress, anxiety, humiliation, inconvenience, fear, fright, depression, grief and trauma from July 9, 2020 through the date this case is finally decided by a judge and/or jury);
d. <u>Future suffering</u> (suffering, including but not limited to, unnecessary stress, anguish, worry, distress, anxiety, humiliation, inconvenience, fear, fright, depression, grief and trauma that this Plaintiff will feel and experience, more likely than not, for the foreseeable future and/or the remainder of this Plaintiff's natural life);
e. <u>Past inability to engage in usual activities</u> (inability to engage in usual activities, including but not limited to, activities of daily living, hobbies and passions that this Plaintiff experienced from July 9, 2020 through the date this case is finally decided by a judge and/or jury);
f. <u>Future and/or permanent inability to engage in usual activities</u> (inability to engage in usual activities, including but not limited to activities of daily living, hobbies and passions that this Plaintiff will experience, more likely than not, for the foreseeable future and/or the remainder of this Plaintiff's natural life;
g. <u>Past physical impairment</u> (physical impairment experienced by this Plaintiff from July 9, 2020 through the date this case is finally decided by a judge and/or jury);
h. <u>Future physical impairment</u> (physical impairment that this Plaintiff will have, more likely than not, for the remainder of this Plaintiff's natural life);
i. <u>Past medical expenses</u> (Reasonable and necessary medical care expenses incurred from July 9, 2020 through the date this case is finally decided by a judge and/or jury);
j. <u>Future medical expenses</u> (reasonable and necessary medical care expenses that this Plaintiff can reasonably expect to incur, more likely than not, in the future, not the past, for the remainder of this Plaintiff's natural life);
k. <u>Past pharmaceutical expenses</u> (reasonable and necessary pharmaceutical expenses incurred by this Plaintiff from July 9, 2020 through the date this case is finally decided by a judge and/or jury);
l. <u>Future pharmaceutical expenses</u> (reasonable and necessary pharmaceutical expenses that this Plaintiff can reasonably expect to incur, more likely than not, in the future, not the past, for the remainder of his/her natural life (future/permanent pharmaceutical expenses);
m. <u>Past lost wages</u> (loss of earnings, wages, employment benefits, employment opportunities earning capacity, and impairment to earning capacity sustained by this Plaintiff from July 9, 2020 through whatever date this case is finally decided by a judge and/or jury);

  n. <u>Future lost wages</u> (loss of earnings, wages, employment benefits, employment opportunities, earning capacity, and impairment to earning capacity that this Plaintiff that will incur, more likely than not, for the foreseeable future and/or the remainder of this Plaintiff's natural life);

**Third Count (Potential Claims for subrogation/reimbursement/recoupment being asserted by Defendant Ohio Department of Medicaid)**

26. Plaintiff realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

27. Plaintiff Crystal Rambo was a party to a government contract or agreement by law for health Insurance issued by the Ohio Department of Medicaid [hereinafter referred to solely as "Medicaid"].

28. Maureen M. Corcoran is duly appointed and qualified acting Director of the Ohio Department of Medicaid.

29. Pursuant to Ohio Revised Code, and the fact that the subrogation interests of Medicaid are currently being disputed, the Ohio Department of Medicaid is a necessary party to this litigation.

30. Medicaid is funded by the taxpayers.

31. Medicaid has made payments to Plaintiff Crystal Rambo or her medical providers in an undertermined amount and may be liable for further payments to or on behalf of the Plaintiff.

32. Defendant Medicaid may be claiming a lien, interest, right of subrogation and/or right of reimbursement in whatever amounts Plaintiff may be entitled to recovery from the Defendants herein or any other source of compensation available for payment of Plaintiff Crystal Rambo's harms and losses.

0F992 - U47    Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

33. Upon information and belief, Plaintiff claims that Medicaid may try and assert a claim for subrogation and/or reimbursement and/or recoupment for medical treatment which is not proximately related to injuries which were sustained by the Plaintiff Crystal Rambo in the incident which is the subject of this complaint.

34. Plaintiff asserts that Medicaid is not entitled to any subrogation and/or reimbursement and/or recoupment for medical treatment which is not proximately related to injuries which were sustained by the Plaintiff Crystal Rambo in the incident which is the subject of this complaint.

35. Upon information and belief, Plaintiff claims that Medicaid may try and assert a claim for subrogation and/or reimbursement and/or recoupment for medical treatment from Plaintiff's non-economic harms and losses.

36. Plaintiff asserts that Medicaid is not entitled to assert a claim for subrogation and/or reimbursement and/or recoupment for medical treatment from Plaintiff's non-economic harms and losses.

37. Furthermore, to the extent that Medicaid provides the necessary proof that they are entitled to subrogation and/or reimbursement and/or recoupment for medical treatment, Plaintiff claims that said Defendant Medicaid is not entitled to recover any monies from any source until Plaintiff has been fully compensated for her injuries.

38. To the extent that Plaintiff is not fully compensated for her injuries, then Defendant Medicaid has no claim against either Plaintiff or any other party or entity pursuant to Ohio Revised Code §2323.44 (Rights of Subrogee), including Defendants, and/or John Doe(s), and any insurance carrier.

0F992 - U48    Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

39. To the extent that Defendant Medicaid is entitled to a right of recovery pursuant to Ohio Revised Code 5160.37, said recovery shall be limited to the provisions of Ohio Revised Code 5160.37.

40. As a result of the foregoing, a Justiciable controversy exists regarding what rights, if any, Medicaid has to any monies which Plaintiff may be able to recover as a result of the incident which is the subject of this Complaint.

41. Plaintiff disputes Defendant Medicaid's claim, if any, to subrogation and/or reimbursement and/or recoupment, making Defendant Medicaid a real party in interest and/or a necessary party to these proceedings.

**WHEREFORE**, Plaintiff Crystal Rambo demands judgment and restitution against each of the Defendants, jointly and severally, in an amount of money <u>exceeding</u> the jurisdictional minimum limit of twenty-five thousand dollars ($25,000.00), for the equal trade dollar value of all the harms and losses proximately caused by the Defendants' negligence and/or recklessness, including monetary compensation for each of the following individual harms and losses to the Plaintiff Crystal Rambo:

1) Past reasonable and necessary expenses for medical and/or psychological treatment;
2) Past reasonable and necessary pharmaceutical expenses;
3) Future reasonable and necessary medical, pharmaceutical, and psychological expenses;
4) Past lost wages (including loss of earning capacity);
5) Future lost wages (including loss of earning capacity);
6) Past pain and suffering;
7) Future pain and suffering;
8) Past emotional distress, stress and anxiety;
9) Future emotional distress, stress and anxiety;
10) Past inability to engage in usual activities;
11) Future inability to engage in usual activities;
12) Past damage to Plaintiff Crystal Rambo's credit as a result of unpaid crash related bills;
13) Past and future health insurance co-pays and deductibles;

Malek & Malek – 1227 S. High Street – Columbus, Ohio 43206
Telephone (614) 444-7440 – Fax (614) 444-8836 – E-Mail –Jim@maleklawfirm.com

0F992 - U49   Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 09 5:29 PM-22CV004714

14) Reasonable value of any home health care and/or assistance required in the past or in the future;
15) Costs of litigating this case (which include but are not limited to the costs of deposition transcripts, obtaining certified copies of records, court filing fees);
16) Costs, pre-judgment interest and other such relief as to which Plaintiff Crystal Rambo may be entitled in law or in equity.

**WHEREFORE**, Plaintiff Crystal Rambo demands that Defendant Medicaid assert and prove its lien/subrogation/reimbursement interest; Plaintiff further demands that this Court determine Plaintiff's rights under said policies of insurance; Plaintiff further demands that the Court declare that Medicaid has no rights of recovery/subrogation/reimbursement from Plaintiff's non-economic damages; Finally Plaintiff demands that each subrogated party and lien holder bear a proportional share of the unreimbursed expenses of this litigation plus all attorney fees and costs herein incurred.

Respectfully Submitted,

/s/ *Jim Malek*
By: Jim Malek (0065365)
**MALEK & MALEK**
1227 South High Street
Columbus, Ohio 43206
Phone   (614) 444-7440
Facsimile  (614) 444-8836
jim@maleklawfirm.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demand a trial by a jury of eight (8) on all issues of fact of the within cause.

Respectfully Submitted,

/s/ *Jim Malek*
By: Jim Malek (0065365)
**MALEK & MALEK, LLC**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 27 12:20 PM-22CV004714

**IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO**

| | | |
|---|---|---|
| CRYSTAL RAMBO | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Case No. 22CV004714 |
| | : | |
| DOLGEN MIDWEST, LLC, et al. | : | Judge Kimberly Cocroft |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT DOLGEN MIDWEST, LLC**

Now comes, Defendant DolGen Midwest, LLC ("DolGen" or "Defendant"), by and through counsel, and sets forth its Answer below:

**FIRST DEFENSE**

For its First Defense, DolGen Midwest, LLC ("DolGen" or "Defendant") responds to the numbered paragraphs of Plaintiffs' Complaint, in like-numbered paragraphs, as follows:

1. Paragraph 1 is a legal conclusion to which no response is required. To the extent Paragraph 1 could be construed to assert facts, those facts are denied. Admit that the amount of controversy exceeds greater than $25,000.00, as represented by Plaintiff's counsel.

2. Denies for want of knowledge.

3. Denies for want of knowledge.

4. Denies for want of knowledge.

5. Denies.

6. Denies.

7. Denies for want of knowledge.

8. Defendant reincorporates Paragraphs 1 through 7, above, as if fully rewritten herein.

1

9. Admits.

10. Denies Paragraph 10, as it is vague and uncertain.

11. Denies for want of knowledge.

12. Admits.

13. Denies for want of knowledge.

14. Admits.

15. Defendant reincorporates Paragraphs 1 through 14, above, as if fully rewritten herein.

16. Denies for want of knowledge.

17. Denies for want of knowledge.

18. Denies.

19. Denies for want of knowledge.

20. Denies.

21. Denies.

22. Denies.

23. Defendant reincorporates Paragraphs 1 through 22, above, as if fully rewritten herein.

24. Denies.

25. Denies, including subparts.

26. Defendant reincorporates Paragraphs 1 through 25, above, as if fully rewritten herein.

27. Denies for want of knowledge.

28. Denies for want of knowledge.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 27 12:20 PM-22CV004714

29. Denies.

30. Denies for want of knowledge.

31. Denies for want of knowledge.

32. Denies for want of knowledge.

33. Denies for want of knowledge.

34. Denies for want of knowledge.

35. Denies for want of knowledge.

36. Denies for want of knowledge.

37. Denies for want of knowledge.

38. Denies for want of knowledge.

39. Denies for want of knowledge.

40. Denies for want of knowledge.

41. Denies for want of knowledge.

**SECOND DEFENSE**

42. Defendant denies all allegations contained in Plaintiff's Complaint, not expressly admitted in this Answer.

**THIRD DEFENSE**

43. Plaintiff may have failed to mitigate her damages.

**FOURTH DEFENSE**

44. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

45. Plaintiff may have failed to join necessary and indispensable parties.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 27 12:20 PM-22CV004714

### SIXTH DEFENSE

46. Plaintiff's claim for damages may be limited or barred under the due process clauses of the Federal and Ohio Constitutions.

### SEVENTH DEFENSE

47. Some or all of the damages alleged in Plaintiff's Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom Defendant is not responsible, including those not presently known to Defendant.

### EIGHTH DEFENSE

48. After the facts of this case are known, following discovery, Plaintiff's damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

### NINETH DEFENSE

49. In the event Defendant is found negligent, such liability denied, it is only liable for its proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq*.

### TENTH DEFENSE

50. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq*.

### ELEVENTH DEFENSE

51. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq*.

### TWELTH DEFENSE

52. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches or by the applicable statutes of limitations.

**WHEREFORE**, Defendant prays that judgment be entered in their favor upon Plaintiff's Complaint, together with costs and reasonable attorney fees sustained by Defendant.

    Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (055570)
Brandon J. Harmony (101268)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; FAX: (614) 232-2410
pkasson@reminger.com
bharmony@reminger.com
*Counsel for Defendant DolGen Midwest, LLC*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jul 27 12:20 PM-22CV004714

**CERTIFICATE OF SERVICE**

    I hereby certify a true and accurate copy of the foregoing document was served via the Court's electronic filing system and/or electronic mail on July 27, 2022, upon:

Jim Malek, Esq.
Malek & Malek
1227 South High Street
Columbus, Ohio 43206
*Attorney for Plaintiff*

John Doe
745 Georgesville Road
Columbus, Ohio 43228-2826
*Defendant*

Ohio Department of Medicaid
c/o Maureen M. Corcoran, Director
50 West Town Street, Suite 400
Columbus, Ohio 43215
*Defendant*

                                          */s/ Patrick Kasson*
                                          Patrick Kasson (0055570)